**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| CHRISTINE BELISLE,<br>Plaintiff,<br><br>v.<br><br>LANDMARK MEDICAL CENTER WELFARE BENEFIT PLAN and LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, A SUBSIDIARY OF LIBERTY MUTUAL INSURANCE COMPANY,<br>Defendants. | Civil Action No.: 06-00042-S-LDA |

**ANSWER OF LANDMARK MEDICAL CENTER WELFARE BENEFIT PLAN TO PLAINTIFF'S COMPLAINT**

Defendant, Landmark Medical Center Welfare Benefit Plan ("the Plan"), hereby answers the allegations contained in Plaintiff's Complaint as follows:

1. This paragraph states legal conclusions to which no response is required. To the extent that a response is required, the Plan admits so much of this paragraph as alleges that Landmark Medical Center maintains a long term disability plan, which is a welfare benefit plan covered by ERISA, and under which benefits are provided through a policy of insurance issued by Liberty Life Assurance Company of Boston ("the policy"). The Plan denies the remaining allegations in paragraph 1 of the Complaint.

2. This paragraph states conclusions of law to which no response is required. To the extent that a response is required, the Plan denies the allegations in this paragraph.

3. This paragraph states conclusions of law to which no response is required. To the extent that a response is required, the Plan denies the allegations in this paragraph.

4. The Plan makes no response to this paragraph as it merely purports to summarize Plaintiff's Complaint. To the extent this paragraph requires a response, the Plan denies the allegations therein.

5. The Plan denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

6. The Plan denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, except admits that Liberty Life Assurance Company of Boston issued a policy of insurance for long-term disability benefits under the Plan.

7. This paragraph states conclusions of law to which no response is required. To the extent that a response is required, the Plan admits so much of this paragraph as alleges that it was an employee welfare benefit plan under ERISA, and denies the remaining allegations in this paragraph.

8. The Plan denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. In further responding, the Plan refers the Court to the Administrative Record.

9. The Plan denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. In further responding, the Plan refers the Court to the Administrative Record.

10. The Plan denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. In further responding, the Plan refers the Court to the Administrative Record.

11. The Plan denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. In further responding, the Plan refers the Court to the Administrative Record.

12. The Plan denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. In further responding, the Plan refers the Court to the Administrative Record.

13. The Plan denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. In further responding, the Plan refers the Court to the Administrative Record.

14. The Plan denies the allegations in paragraph 14. In further responding, the Plan refers the Court to the Administrative Record.

15. The Plan denies the allegations in paragraph 15. In further responding, the Plan refers the Court to the Administrative Record.

16. The Plan denies the allegations in paragraph 16. In further responding, the Plan refers the Court to the Administrative Record.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by her failure to exhaust her administrative remedies and/or internal appeals procedures.

**THIRD AFFIRMATIVE DEFENSE**

Based on the circumstances and administrative record in this case, the Plan requests that the Court order Plaintiff to pay its attorneys' fees and costs under 29 U.S.C. § 1132(g).

**FOURTH AFFIRMATIVE DEFENSE**

The denial of benefits at issue was reasonable, was not arbitrary and capricious, and should be upheld by this Court based upon the administrative record before the decision maker under the policy.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to attorneys' fees on the claims she has alleged.

**SIXTH AFFIRMATIVE DEFENSE**

The Plan has acted, at all times, in good faith, reasonably and justifiably.

**SEVENTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff has sustained any injury or damages, it is the result of the conduct by a party other than the Plan and over whom the Plan had no authority or control and for whom Liberty Life is not liable.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint is barred by the doctrines of waiver, estoppel, laches, and/or unclean hands.

**NINTH AFFIRMATIVE DEFENSE**

The Plan reserves the right to add such other affirmative defenses as may become apparent as a result of further proceedings in this matter.

WHEREFORE, the Plan prays that:

1. The Complaint be dismissed in its entirety;

2. Judgment be entered on its behalf on all counts;

3. It be awarded its costs and attorney's fees; and

4. The Court award such other relief as may be just and proper.

Respectfully submitted,
LANDMARK MEDICAL CENTER WELFARE BENEFIT PLAN,
By its attorneys

Anthony J. DiOrio (RWP)

Anthony J. DiOrio, R.I. Bar No. 3419
JACKSON LEWIS LLP
127 Dorrance Street
Providence, RI 02903
(401) 454-7700; (401) 454-8855 fax

Andrew C. Pickett
(Moving for Admission *Pro Hac Vice*)
Richard W. Paterniti
(Moving for Admission *Pro Hac Vice*)
JACKSON LEWIS LLP
75 Park Plaza
Boston, Massachusetts 02116
(617) 367-0025

Dated: March 2, 2006

## CERTIFICATE OF SERVICE

This is to certify that on this 2nd day of March, 2006, a copy of the foregoing document was served upon Plaintiff's attorney, David A. Bryant, Daley, DeBofsky & Bryant, 1 North LaSalle Street, Suite 3800, Chicago, IL 60602, by overnight mail.

Anthony J. DiOrio (RWP)
Jackson Lewis LLP