**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

CHRISTINE BELISLE,
Plaintiff,

v.

LANDMARK MEDICAL CENTER WELFARE BENEFIT PLAN and LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, A SUBSIDIARY OF LIBERTY MUTUAL INSURANCE COMPANY,
Defendants.

Civil Action No.: 06-00042-S-LDA

**ANSWER OF LIBERTY LIFE ASSURANCE COMPANY OF BOSTON TO PLAINTIFF'S COMPLAINT**

Defendant, Liberty Life Assurance Company of Boston ("Liberty Life") hereby answers the allegations contained in Plaintiff's Complaint as follows:

1. This paragraph states legal conclusions to which no response is required. To the extent that a response is required, Liberty Life admits so much of this paragraph as alleges that Landmark Medical Center maintains a long term disability plan, which is a welfare benefit plan covered by ERISA, and under which benefits are provided through a policy of insurance issued by Liberty Life ("the policy"). Liberty Life denies the remaining allegations in paragraph 1 of the Complaint.

2. This paragraph states conclusions of law to which no response is required. To the extent that a response is required, Liberty Life denies the allegations in this paragraph.

3. This paragraph states conclusions of law to which no response is required. To the extent that a response is required, Liberty Life denies the allegations in this paragraph.

4. Liberty Life makes no response to this paragraph as it merely purports to summarize Plaintiff's Complaint. To the extent this paragraph requires a response, Liberty Life denies the allegations therein.

5. Liberty Life denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

6. Liberty Life admits the allegations in this paragraph.

7. This paragraph states conclusions of law to which no response is required. To the extent that a response is required, Liberty Life admits so much of this paragraph as alleges that the plan was an employee welfare benefit plan under ERISA, and denies the remaining allegations in this paragraph.

8. Liberty Life admits so much of this paragraph as alleges that Plaintiff was employed by Landmark Medical Center as a Registered Nurse from July 6, 1971 to March 1, 2002, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8. In further responding, Liberty Life states that the Administrative Record for Plaintiff speaks for itself. Liberty Life denies any mischaracterization the Plaintiff makes of those documents and respectfully refers the Court to the administrative record.

9. Liberty Life admits so much of the first sentence of this paragraph as alleges that Plaintiff applied for long-term disability benefits through Liberty Life, and denies the remaining allegations in this sentence. In further responding, Liberty Life states that the policy referenced in sentence two of this paragraph and the Administrative Record of which it is a part speak for themselves. Liberty Life denies any mischaracterization the Plaintiff makes of the documents in that record and respectfully refers the Court to the administrative record.

10. Liberty Life admits so much of this paragraph as alleges that Plaintiff received benefits under the plan from March 2, 2002 through August 28, 2004, but denies the remaining allegations in this paragraph. In further responding, Liberty Life states that records relating to Plaintiff's claim for benefits, the policy, and the Administrative Record of which they are a part speak for themselves. Liberty Life denies any mischaracterization the Plaintiff makes of the documents in that record and respectfully refers the Court to the administrative record.

11. Liberty Life admits so much of this paragraph as alleges that it determined benefits were no longer payable to Plaintiff effective December 1, 2004, and denies the remaining allegations in this paragraph. In further responding, Liberty Life refers the Court to the administrative record.

12. Liberty Life admits so much of this paragraph as alleges that Liberty Life determined that benefits were no longer payable to Plaintiff effective December 1, 2004, and denies the remaining allegations in this paragraph. In further responding, Liberty Life refers the Court to the administrative record.

13. Liberty Life admits so much of this paragraph as alleges that it received a letter from Plaintiff's counsel dated June 6, 2005 requesting a review of Liberty Life's decision and attaching documents, that on July 11, 2005, it sent a letter to Plaintiff's counsel explaining that it was unable to alter its original determination to deny benefits effective December 1, 2004, and denies the remaining allegations in this paragraph. In further responding, Liberty Life states that records relating to Plaintiff's claim for benefits, the policy, and the Administrative Record of which they are a part speak for themselves. Liberty Life denies any mischaracterization the Plaintiff makes of the documents in that record and respectfully refers the Court to the administrative record.

14. Liberty Life denies the allegations in this paragraph. In further responding, Liberty Life states that medical records relating to Plaintiff's claim for benefits and the Administrative Record of which they are a part speak for themselves. Liberty Life denies any mischaracterization the Plaintiff makes of the documents in that record and respectfully refers the Court to the administrative record.

15. Liberty Life denies the allegations in paragraph 15.

16. Liberty Life denies the allegations in paragraph 16.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by her failure to exhaust her administrative remedies and/or internal appeals procedures.

### THIRD AFFIRMATIVE DEFENSE

Based on the circumstances and administrative record in this case, Liberty Life requests that the Court order Plaintiff to pay its attorneys' fees and costs under 29 U.S.C. § 1132(g).

### FOURTH AFFIRMATIVE DEFENSE

The denial of benefits at issue was reasonable, was not arbitrary and capricious, and should be upheld by this Court based upon the administrative record before the decision maker under the policy.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to attorneys' fees on the claims she has alleged.

**SIXTH AFFIRMATIVE DEFENSE**

Liberty Life has acted, at all times, in good faith, reasonably and justifiably.

**SEVENTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff has sustained any injury or damages, it is the result of the conduct by a party other than Liberty Life and over whom Liberty Life had no authority or control and for whom Liberty Life is not liable.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint is barred by the doctrines of waiver, estoppel, laches, and/or unclean hands.

**NINTH AFFIRMATIVE DEFENSE**

Liberty Life reserves the right to add such other affirmative defenses as may become apparent as a result of further proceedings in this matter.

WHEREFORE, Liberty Life prays that:

1. The Complaint be dismissed in its entirety;
2. Judgment be entered on its behalf on all counts;
3. It be awarded its costs and attorney's fees; and
4. The Court award such other relief as may be just and proper.

Respectfully submitted,
LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,
By its attorneys

Anthony J. DiOrio (RWP)

Anthony J. DiOrio, R.I. Bar No. 3419
JACKSON LEWIS LLP
127 Dorrance Street
Providence, RI 02903
(401) 454-7700; (401) 454-8855 fax

Andrew C. Pickett
(Moving for Admission *Pro Hac Vice*)
Richard W. Paterniti
(Moving for Admission *Pro Hac Vice*)
JACKSON LEWIS LLP
75 Park Plaza
Boston, Massachusetts 02116
(617) 367-0025

Dated: March 2, 2006

## CERTIFICATE OF SERVICE

This is to certify that on this 2nd day of March, 2006, a copy of the foregoing document was served upon Plaintiff's attorney, David A. Bryant, Daley, DeBofsky & Bryant, 1 North LaSalle Street, Suite 3800, Chicago, IL 60602, by overnight mail.

Anthony J. DiOrio (RWP)
Jackson Lewis LLP